**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **KASSIM MOUZONE,**<br><br>   **Plaintiff,**<br><br>v.<br><br>**WEST MARKET ASSOCIATIONS LLC, JOHN AND JANE DOE EMPLOYEES (1-5), JANE DOE SUPERVISOR, and MCDONALD'S CORPORATION,**<br><br>   **Defendants.** | **Civil Action No. 25-6317 (ES) (JSA)**<br><br>**REPORT AND RECOMMENDATION** |

**JESSICA S. ALLEN, U.S.M.J.**

   Before the Court is the motion of *pro se* Plaintiff, Kassim Mouzone ("Plaintiff"), to remand this case to state court. (ECF Nos. 5, 21). Defendant, Stavi Corporation, improperly pled as "West Market Associations llc" ("Stavi"), opposes the motion. (ECF No. 15). The Honorable Esther Salas, U.S.D.J. referred the motion to the undersigned for a Report and Recommendation. No oral argument was heard. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, and for good cause shown, it is respectfully recommended that Plaintiff's motion to remand be **DENIED**.

**I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

   This race discrimination action arises from an incident that occurred at a McDonald's restaurant in Newark, New Jersey. (Compl., ¶¶ 3-11; ECF No. 1-1). On February 5, 2025, Plaintiff filed suit against Stavi, fictitious parties, and McDonald's Corporation ("McDonald's") in New Jersey Superior Court. (*Id.*). His Complaint contends that Defendants' alleged conduct violates several federal and state laws, including the New Jersey Law Against Discrimination, N.J.S.A. §§

10:5-1, *et seq*.; 42 U.S.C. § 1981; and 42 U.S.C. § 2000a.  (*Id.*).

Plaintiff's attempts to serve the Complaint are relevant to the instant remand motion, and thus, are discussed in some detail below.

In or about February or March 2025, Plaintiff sent a copy of the summons and complaint by certified mail to McDonald's headquarters in Chicago, Illinois.  (ECF No. 7).  He states that he lost the tracking information and does not know if McDonald's received the mailing.  (*Id.*).  On March 3, 2025, Plaintiff sent a second copy of the summons and complaint to McDonald's, this time by certified mail to an address in Oakwood, Illinois.  (ECF No. 1-2 at 5).  The second mailing was returned undelivered on March 31, 2025.  (*Id.*).

Plaintiff represents that he sent a copy of the complaint to Stavi on April 3, 2025, by certified mail.  (ECF No. 5-1 at 2).  As proof of mailing, Plaintiff submitted tracking history for a package that was mailed on April 3 and delivered to an address in Newark on April 9, 2025.  (ECF No. 7-1 at 5-6).  The tracking history does not identify the full delivery address, addressee, or individual who signed for the package.  (*Id.*).

Next, on May 1, 2025, Plaintiff personally delivered a copy of the summons and complaint to the McDonald's Newark location.  (ECF No. 1-2 at 2).  He represents that he addressed the delivery to both Stavi and McDonald's.  (*Id.*).  Plaintiff left the papers with an individual he identifies as "Kevin,"[1] who he contends is general manager of the McDonald's Newark location. (*Id.*).  Thirty-one minutes later, Plaintiff mailed a copy of the summons and complaint to the same location, addressed to both Stavi and McDonald's.  (*Id.* at 9, 11).  Plaintiff did not check the box to request a return receipt on the certified mail receipt.  (*Id.* at 10).  He filed a Proof of Service on the state court docket setting forth these actions.  (*Id.* at 2).  The May 1 mailing was allegedly

---

[1] Plaintiff did not provide the general manager's last name.  (ECF No. 1-2 at 2).

2

delivered on May 6, 2025, and left with an unnamed individual. (ECF No. 15-1 at 2).

On May 30, 2025, Stavi removed the action to this Court, alleging that Plaintiff's claims pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000a establish federal question jurisdiction, pursuant to 28 U.S.C. § 1331. (Notice of Removal ("NOR") ¶ 11; ECF No. 1). In addition, Stavi claims that it timely filed the Notice of Removal within thirty days after receiving a paper in which it could ascertain that the case was removable. *See* 28 U.S.C. § 1446(b)(3). (NOR, ¶ 9).

On June 5, 2025, Plaintiff again sent a copy of the Complaint by certified mail to McDonald's Chicago headquarters. (ECF No. 7-1 at 10). That same day, he filed the instant motion to remand (ECF No. 5), an Affidavit of Mailing detailing his mailings to McDonald's (ECF No. 7), and four discovery motions (ECF Nos. 6, 8-10). The June 5 mailing was delivered on June 9, 2025. (ECF No. 15-1 at 5).[2]

## II. CURRENT MOTION

Plaintiff asserts that two procedural defects warrant remand under 28 U.S.C. § 1447(c). (ECF No. 5 at 2-3). First, he claims that removal was untimely under 28 U.S.C. § 1446(b)(1), which requires the removing party to file its notice of removal within thirty days of proper service of the complaint. (*Id.* at 2). Plaintiff maintains that he properly served Stavi through certified mail under New Jersey Court Rule 4:4-4(b)(1)(C) and Federal Rule of Civil Procedure 4(h)(1)(B). (ECF No. 5-1 at 2). Accordingly, he contends the thirty-day countdown began on April 9, 2025, when Stavi first received the summons and complaint by certified mail. (*Id.*). Second, Plaintiff argues that Stavi failed to obtain McDonald's consent under 28 U.S.C. § 1446(b)(2)(B), which

---

[2] On July 18, 2025, the Undersigned entered a Letter Order denying Plaintiff's discovery motions as premature. (ECF No. 27 at 2). Plaintiff's instant motion to remand makes a passing request for expedited discovery. (*See* ECF No. 5 at 3). This passing reference is insufficient to properly raise and present an argument and could be denied on that basis alone. *See, e.g.*, *Foschini v. Stanley Black & Decker, Inc.*, 2022 WL 228290, at *3 (D.N.J. Jan. 26, 2022) (A "passing reference, without analysis, is insufficient to put [the opposing party] on adequate notice of the argument."). Nevertheless, even assuming the request for expedited discovery was properly raised, it is denied for the same reasons expressed in the Court's July 18th Letter Order. (*Id.*)

requires unanimous consent to removal from all defendants who have been properly served. (ECF No. 5 at 2-3). He contends that McDonald's received the Complaint in June 2025, if not earlier. (ECF No. 5-1 at 3).

In opposition, Stavi argues that its time to remove the case never began to run, as it was never properly served. (ECF No. 15 at 8). First, it claims Plaintiff did not follow New Jersey Court Rule 4:4-4(b)(1)(C)'s requirement to submit an affidavit documenting diligent, good-faith efforts to effectuate personal service before resorting to service by mail. (*Id.* at 9-10). Second, it argues that Federal Rule of Civil Procedure 4(h)(1)(B) does not provide for mail service as a substitute for personal service. (*Id.* at 11). Third, it claims that Plaintiff failed to prove that his certified mailings were left with individuals authorized to accept service on Stavi's behalf. (*Id.* at 13-14). As to Plaintiff's unanimity argument, Stavi further asserts that McDonald's did not have to consent because it, too, was not properly served before removal. (*Id.* at 15-16).

On reply, Plaintiff maintains that his Affidavit of Mailing (ECF No. 7) and Proof of Service (ECF No. 1-2 at 2-3) adequately establish "[d]iligent [e]fforts" to effectuate proper service. (ECF No. 21 at 2). He contends that Stavi received the summons and complaint when he "hand-delivered" them to "Kevin" and mailed same to the McDonald's Newark location. (*Id.* at 3).

### III.   LEGAL STANDARD

The federal removal statute provides, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). To properly remove a case to federal court, a defendant must file a notice of removal within thirty days after receipt, "through service or otherwise, of a copy of the initial

4

pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). A defendant's thirty-day removal window begins when "that defendant is properly served or [when] that defendant waives service." *Di Loreto v. Costigan*, 351 Fed. Appx. 747, 751 (3d Cir. 2009); 28 U.S.C. § 1446(b)(2)(B). If a defendant seeks removal under 28 U.S.C. § 1441(a), all other defendants "must join in or consent to the removal" if they, too, "have been properly joined and served." 28 U.S.C. § 1446(b)(2)(A).

When construing these requirements, "a federal court must apply the law of the state under which the service was made." *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 560 (D.N.J. 2009); Fed. R. Civ. P. 4(h)(1)(A). Accordingly, this Court will accept service on a corporation when it satisfies either Federal Rule of Civil Procedure 4(h) or the corresponding provisions of New Jersey Court Rule 4:4-4. *See Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 602-03 (D.N.J. 2003). "The party responsible for effecting service has the burden of demonstrating that" proper service occurred. *Sharp v. Kean Univ.*, 153 F. Supp. 3d 669, 677 n.5 (D.N.J. 2015).

**IV.   DISCUSSION**

The instant motion to remand boils down to two questions. First, whether Stavi was properly served on or before April 30, 2025, thirty days before it removed the case on May 30, 2025. *See* 28 U.S.C. § 1446(b)(1). Second, whether McDonald's was properly served before Stavi removed the case, such that Stavi needed McDonald's consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A). As is set forth below, this Court concludes that Stavi was not properly served, and therefore, its removal on May 30, 2025, was timely. This Court further concludes that McDonald's was not properly served at the time of removal and its consent was not necessary.

**A.   Service on Stavi by Certified Mail**

As to the first issue, Plaintiff contends that Stavi's thirty days to remove began to run on

April 9, 2025, when it received the summons and complaint by certified mail. (ECF No. 5-1 at 2). Stavi counters that the thirty-day countdown never started because Plaintiff did not follow the necessary steps to effectuate service by mail. (ECF No. 15 at 8-11).

New Jersey Court Rule 4:4-4(b)(1)(C)(3) permits "substituted service" by:

> mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and, simultaneously, by ordinary mail to . . . a corporation, partnership or unincorporated association that is subject to suit under a recognized name, addressed to a registered agent for service, or to its principal place of business, or to its registered office.

"Personal service is the preferred method" to effectuate service "in New Jersey." *Tekno Prods. v. Glove Trends, Inc.*, 2019 U.S. Dist. LEXIS 152354, at *11 (D.N.J. July 25, 2019). Service by mail is only acceptable if the "plaintiff *first* made 'a reasonable and good faith attempt' to serve [the] defendant personally." *Beniquez v. Atl. Supply, LLC*, 2024 U.S. Dist. LEXIS 215967, at *11 (D.N.J. Nov. 25, 2024) (quoting *City of Passaic v. Shennett*, 390 N.J. Super. 475, 483 (App. Div. 2007)). Before attempting mail service, the plaintiff must submit an affidavit demonstrating "that despite diligent effort and inquiry, personal service [within New Jersey] cannot be made." *Guardian Life Ins. Co. of Am. v. Est. of Matesic*, 2016 U.S. Dist. LEXIS 91298, at *4-5 (D.N.J. July 14, 2016) (alteration in original) (quoting N.J. Ct. R. 4:4-4(b)(1)). Diligence requires an "energetic effort to search and find a defendant whose address is unknown, or who is allegedly evading service, before resorting to alternate means of substitute service." *Tucker v. Nault*, 2023 U.S. Dist. LEXIS 146032, at *5 (D.N.J. Aug. 21, 2023) (citation omitted).

The Court finds that Plaintiff did not try to effectuate personal service on Stavi before resorting to mail service. *See Beniquez*, 2024 U.S. Dist. LEXIS 215967, at *11. His first attempt at personal service occurred on May 1, 2025 (ECF No. 1-2 at 2), a month after he first mailed the Complaint to Stavi on April 3, 2025 (ECF No. 5-1 at 2). The Court also finds that Plaintiff did not

timely file an affidavit, as required by Rule 4:4-4(b)(1), setting forth efforts to effectuate personal service. His Proof of Service (ECF No. 1-2 at 2-3) cannot satisfy this requirement because he filed it after mailing the Complaint (*see* ECF No. 5-1 at 2). New Jersey law required him to file the affidavit first. *Matesic*, 2016 U.S. Dist. LEXIS 91298, at *5.

In addition, the Court finds that Plaintiff did not adequately prove that Stavi in fact received his certified mailing on April 9, 2025. Plaintiff argues that New Jersey law does "not mandate a return receipt for corporations." (ECF No. 21 at 2). That is incorrect. A party who effectuates service by certified mail must submit "the return receipt card" or a "printout of the electronic confirmation of delivery [containing] an image of the recipient's signature." *Wingate Inns Int'l, Inc. v. Hanna G.N. Corp.*, 2022 U.S. Dist. LEXIS 8941, at *4 (D.N.J. Jan. 18, 2022) (quoting N.J. Ct. R. 4:4-7). Tracking history from the mail carrier's website is not acceptable unless accompanied by the "return receipt card or an image of the recipient's signature on the electronic confirmation." *United States v. Mamone*, 2025 U.S. Dist. LEXIS 102451, at *8-9 (D.N.J. May 29, 2025). "Without [a] return receipt, there is nothing definitive in the record to demonstrate that [the defendant] actually received the complaint and summons." *Id.* at *10.

Plaintiff's tracking history shows a package was delivered on April 9, 2025, to an unidentified Newark address and left with an unnamed individual. (ECF No. 7-1 at 5). However, it does not show that the package was addressed to Stavi or whether the delivery address belonged to Stavi. (*Id.*). Accordingly, the Court finds that Plaintiff has not met his burden to prove proper mail service "by a preponderance of the evidence." *See Mills v. Ethicon*, 406 F. Supp. 3d 363, 392 (D.N.J. 2019).[3]

---

[3] Plaintiff contends that Stavi bears an affirmative burden to disprove proper service. (ECF No. 21 at 3). The Court summarily rejects this argument. *Sharp*, 153 F. Supp. 3d at 677 n.5; *accord Gabros v. Shore Med. Ctr.*, 724 F. App'x 119, 122 (3d Cir. 2018) (affirming dismissal of the plaintiff's claims because he "has consistently failed to establish that he served" the defendant "by a method permitted by" court rules).

Plaintiff downplays his noncompliance with New Jersey's service rules by claiming that Stavi's subsequent engagement with the case "confirms actual receipt, rendering technical defects" in service "immaterial." (ECF No. 21 at 2). The Court disagrees. "[M]ere receipt of the complaint unattended by any formal service" does not trigger a "defendant's time to remove." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (1999). Rather, as previously stated, a defendant's thirty-day countdown begins only when "that defendant waives service" or "is properly served." *Di Loreto*, 351 Fed. Appx. at 751.

The Court is likewise unpersuaded by Plaintiff's reliance on Federal Rule of Civil Procedure 4(h)(1)(B). (ECF No. 5-1 at 2; ECF No. 21 at 2). Rule 4(h)(1)(B) permits service on a corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." "The term 'delivering' as used in [the Rule] does not include service by mail." *Bermudez v. Inta-Roto, Inc.*, 2024 U.S. Dist. LEXIS 74474, at *11 (D.N.J. Apr. 24, 2024) (citation omitted). The mere fact that "certified mail was delivered to Stavi's principal place of business" (ECF No. 5-1 at 2) does not by itself satisfy Rule 4(h)(1)(B). Rather, it authorizes service by mail as an additional, not substitute, method of service—and even then, only when a corporate agent is "authorized by statute" to accept service and said statute requires mailing. Fed. R. Civ. P. 4(h)(1)(B).

In sum, because Plaintiff did not comply with New Jersey Court Rule 4:4-4(b)(1)(C)(3) or Federal Rule of Civil Procedure 4(h)(1)(B), the Court finds that the certified mailing sent on April 3, 2025, and purportedly delivered on April 9, 2025, did not trigger the thirty-day window for Stavi to remove this case under 28 U.S.C. § 1446(b)(1).

### B. <u>Service on Stavi by Personal Delivery</u>

Before turning to service on McDonald's, the Court adds the following comments on Plaintiff's attempt to serve Stavi by leaving a copy of the summons and complaint at the McDonald's Newark location with "Kevin" on May 1, 2025. (ECF No. 1-2 at 2). To the extent Plaintiff maintains that this delivery constitutes proper service, it does not render removal untimely because, as Stavi observes (ECF No. 15 at 8), the Notice of Removal was still filed within thirty days of the delivery. *See* 28 U.S.C. § 1446(b)(1). However, as is explained below, the Court finds that the delivery was not proper service.

First, Plaintiff delivered the summons and complaint to the McDonald's Newark location himself. (ECF No. 1-2 at 2). Only a "person who is at least 18 years old *and not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added).

Second, the Court finds no evidence that "Kevin" was authorized to accept service for Stavi. To achieve personal service on a corporation in New Jersey, a party must effectuate personal service on:

> any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof . . . .

N.J. Ct. R. 4:4-4(a)(6).

To satisfy Rule 4:4-4(a)(6), the individual served must: (1) "be so integrated with the organization that [they] will know what to do with the" summons and complaint; and (2) "stand in a position as to render it fair, reasonable and just to imply the authority to receive service" on behalf of the entire organization. *O'Connor v. Altus*, 67 N.J. 106, 128 (1975). In applying this test, the New Jersey Appellate Division's decision in *Jameson v. Great Atlantic and Pacific Tea*

9

*Company*, 363 N.J. Super. 419 (App. Div. 2003), is instructive.

In *Jameson*, the plaintiffs sued "a large multi-million dollar supermarket corporation." *Id.* at 423, 428. The plaintiffs attempted to effectuate service by having a sheriff officer leave "the summons and complaint with the head cashier . . . of one of" the defendant's stores. *Id.* at 423. The *Jameson* court rejected this method of service because "mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to do so." *Id.* at 429. Applying the *O'Connor* standard, the court concluded that "[t]here was no proof that" the head cashier at a single store "was 'sufficiently integrated' with" the supermarket chain "to give . . . confidence that [they] had authority to receive service" for the company. *Id.* at 428 (quoting *O'Connor*, 67 N.J. at 128).

Other courts in this district have relied favorably on *Jameson*'s analysis when considering whether a defendant was properly served. *See, e.g. McKnight v. Home Depot U.S.A., Inc.,* 2024 U.S. Dist. LEXIS 92711, at *8-9 (D.N.J. Apr. 10, 2024); *Broschart v. Husqvama AB*, 2021 U.S. Dist. LEXIS 142896, at *7-10 (D.N.J. July 30, 2021) (rejecting attempted service upon a "purported agent" who was "not even an employee of [the] [d]efendant"); *Moses v. Home Depot, Inc.*, 2017 U.S. Dist. LEXIS 99799, at *10 (D.N.J. June 27, 2017) (finding service upon "an assistant manager at" a single Home Depot store insufficient). *McKnight* is particularly analogous to the facts presented here.

In *McKnight*, the plaintiff sued Home Depot and delivered a copy of the summons and complaint to the manager of the Home Depot store where her injury occurred. 2024 U.S. Dist. LEXIS 92711, at *1-2. Home Depot removed the case to federal court, and the plaintiff sought remand under 28 U.S.C. § 1446(b)(1) on the basis that "removal occurred more than thirty" days after she served the manager. *Id.* at *2-3. The Court found that "Home Depot's time to remove

never began to run, and thus its removal was timely," because the plaintiff offered no evidence that the store manager was Home Depot's "officer, director[,] . . . [or] managing or general agent." *Id.* at *8 (second alteration in original) (quoting N.J. Ct. R. 4:4-4(a)(6)). The fact that he "voluntarily accepted service" did not itself mean he was "'sufficiently integrated' within Home Depot" to do so. *Id.* at *8-9 (quoting *Jameson*, 363 N.J. Super. at 428).

The same is true here. As the party responsible for effectuating service, Plaintiff must establish the authority of this individual "Kevin" to accept service for Stavi. *See Sharp*, 153 F. Supp. 3d at 677 n.5. There is no evidence in the record before the Court, confirming that "Kevin," the apparent general manager of a single McDonald's restaurant, is connected to Stavi. (*See* ECF No. 1-2 at 2). Certainly, there is no evidence presented that "Kevin" is Stavi's officer, director, or managing or general agent. (*See id.*). Nor has Plaintiff provided any proof that "Kevin" is "so integrated with" Stavi's organization that he would have known "what to do with" a summons and complaint addressed to it. *See O'Connor*, 67 N.J. at 128. Accordingly, Plaintiff's attempt at personal service was ineffective and did not trigger Stavi's time to remove the case. *See* 28 U.S.C. § 1446(b)(1).

Based on the above, the Court finds Stavi's removal timely. *See id.*

### C. McDonald's Consent

Finally, the Court considers the second question posed by this motion: whether McDonald's was properly served when Stavi removed the case on May 30, 2025. "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Consent is not required from defendants who have "not been served at the time" of removal. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985).

Plaintiff submits that Stavi needed McDonald's consent because his "certified mail

11

attempt" on June 5, 2025, and "prior efforts" to mail the summons and complaint in February and March 2025 "suggest" that McDonald's was served before removal. (ECF No. 5-1 at 3). Stavi argues that McDonald's "had not been properly served," adding that the Court need not consider whether the June 5, 2025, mailing constituted proper service because it occurred after removal. (ECF No. 15 at 14-16).

The Court finds that McDonald's was not properly served before Stavi removed the case on May 30, 2025. For starters, the mailings sent to McDonald's in February and March 2025 (ECF No. 7; ECF No. 1-2 at 5) predate Plaintiff's attempt to personally serve McDonald's on May 1, 2025 (ECF No. 1-2 at 2). As stated previously, service by certified mail must come *after* the party effectuating service makes "a reasonable and good faith attempt" at personal service. *Beniquez*, 2024 U.S. Dist. LEXIS 215967, at *11 (quoting *Shennett*, 390 N.J. Super. at 483).

Moreover, there is no proof in the present record before this Court demonstrating that Plaintiff's mailings reached McDonald's before Stavi removed the case. (*See* ECF No. 7; ECF No. 1-2 at 5). Plaintiff admits that he "misplaced" the "certified mail receipt" for the first mailing, "preventing tracking." (ECF No. 7). His second mailing was returned undelivered on March 31, 2025. *Cf. Coldwell Banker Real Est., LLC v. Jupe Real Est., LLC*, 2012 U.S. Dist. LEXIS 18020, at *7 (D.N.J. Feb. 14, 2012) (deeming service by mail "complete" when the papers mailed to the defendant "were not returned"). (ECF No. 1-2 at 5). For his third mailing, sent on May 1, 2025, Plaintiff did not request the return receipt required by Rule 4:4-7. (*Id.* at 10). His final mailing arrived on June 9, 2025, ten days after Stavi removed the case. (ECF No. 15-1 at 5).

Finally, the Court finds that Plaintiff's personal delivery to "Kevin" was ineffective service on McDonald's for substantially the same reasons that it was ineffective as to Stavi. (*See* ECF No. 1-2 at 2). Plaintiff offers no evidence that "Kevin," as manager of a single McDonald's restaurant,

was "'sufficiently integrated' within" the company's overall corporate structure to accept service on its behalf. *See McKnight*, 2024 U.S. Dist. LEXIS 92711, at *8-9 (quoting *Jameson*, 363 N.J. Super. at 428).

Based on the above, the Court finds that Stavi did not require consent from McDonald's to remove this action because McDonald's was not properly served before Stavi filed the Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A). As result, Stavi properly removed the case, and there is no basis to remand it to state court.

Plaintiff also seeks costs and attorney's fees, pursuant to 28 U.S.C. § 1447(c), arguing improper removal. (ECF No. 5 at 3). The decision to award attorney's fees rests within the broad discretion of the Court. *See Siebert v. Norwest Bank Minn.*, 166 Fed. App'x, 603, 606-07 (3d Cir. 2006).

Section 1447(c) provides, in relevant part, that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has explained that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Here, the removal was proper, and thus any consideration to impose fees and costs is improper. Indeed, based on the record presented, the Court cannot conclude that the removal was made for any improper purpose, and thus Stavi lacked an "objectively reasonable basis." *Id.* Therefore, the Court declines to recommend an award of costs and fees.

## V. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the motion to remand be **DENIED**. The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P.

13

72(b)(2), and L. Civ. R. 72.1(c)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Esther Salas, U.S.D.J.

Further, it is **ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion to Remand pending at Docket Entry Number 5 and activate this Report and Recommendation for the District Court's review.

                                         s/Jessica S. Allen
                                         **Hon. Jessica S. Allen**
                                         **United States Magistrate Judge**

**Dated: October 6, 2025**

cc:  Hon. Esther Salas, U.S.D.J.